Fornaris, Demandante y Apelado, *v.* Compagnie Generale Transatlantique, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre daños y perjuicios.

No. 1714.—Resuelto en junio 6, 1918.

Agentes—Poderes Coextensivos—Limitaciones.—Los poderes de un agente son *prima facie* coextensivos con el negocio confiado a su cuidado y no serán restringidos por limitaciones que no se hayan comunicado a las personas con quienes negociara.

Contrato de Transporte—Compañías Navieras—Agentes—Actos y Conducta.—Dadas las circunstancias concurrentes en este caso, *se resolvió:* que los actos y conducta de los varios agentes de la compañía naviera demandada le dieron al demandante el derecho a creer que el agente en Ponce actuó dentro de sus atribuciones al llevar a efecto el contrato de transporte.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. José y Manuel Tous Soto.*

Abogado del apelado: *Sr. Gustavo Rodríguez.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

El demandante, Arturo Fornaris Roig, alegó que en consideración a la suma de un mil dollars la compañía demandada, por conducto de su agente en la ciudad de Ponce, Pablo Vicentí, quien estaba debidamente autorizado para obligar a la compañía, en enero de 1911 celebró con el citado demandante un contrato para llevar ciento veinte y cinco personas de Ponce a St. Thomas en el vapor *Abd-el-Kader,* que habría de salir de aquel puerto en 4 de febrero de 1911; con todos los pasageros listos para embarcarse y el vapor en el puerto, rehusó la compañía tomar los pasageros a bordo, causándole al demandante daños que estimó en la suma de novecientos noventa y nueve dollars.

La compañía demandada negó que el mencionado agente Pablo Vicentí, tuviese más facultades fuera de la de embarcar pasageros en los viajes regulares u ordinarios de la línea, y que no constituía parte del servicio del vapor *Abd-el-Kader*

hacer viajes a St. Thomas. En otras palabras, que Pablo Vicentí estaba plenamente autorizado para embarcar cargamentos y vender pasajes en las líneas regulares de la compañía, y no para celebrar contratos para una excursión especial de Ponce a St. Thomas.

La cuestión principal en este caso es la de si tenía o no el demandante derecho a creer de todos los actos y de la conducta de la demandada que Pablo Vicentí tenía autoridad para hacer un contrato para el viaje de excursión a que se refiere la demanda. Es evidente que no se demostró ninguna autorización especial para la celebración de semejante contrato, y aparece claro también que Pablo Vicentí no era un agente general con facultades para dirigir los viajes de la compañía.

Por otro lado, Pablo Vicentí asumió tener semejante autorización y mostró al demandante los cables y correspondencia cruzados con un supuesto agente general en St. Thomas, en el sentido de que el viaje de Ponce a St. Thomas dependía solamente del arribo del vapor Quebec procedente de Europa. El *Abd-el-Kader* era un vapor más pequeño que había de tomar pasajeros y carga de St. Thomas a Ponce, a la llegada del Quebec al puerto de St. Thomas. Vicentí no sólo asumió su autoridad sino que expidió pasaje para el viaje de excursión. El *Abd-el-Kader* llegó a Ponce pero sus dueños rehusaron hacer el viaje a St. Thomas. La prueba de la adquiescencia de este supuesto agente general en St. Thomas para la excursión nos es satisfactoria. En el último momento, sin embargo, los oficiales de la oficina principal de la compañía rehusaron permitir la realización del viaje y alegaron en la corte que el agente o agentes carecían de autoridad para obligarlos. Existe, sin embargo, una carta dirigida por la compañía a su agente en Ponce. La compañía, después de negar la facultad de sus agentes para obligar a la compañía, dice: "Sería interesante saber la razón que ha determinado a nuestro agente a no llevar a

efecto el contrato.''   La prueba indica que los propios agentes creyeron que tenían tal autoridad, pero que se les informó lo contrario al consultar a la compañía.

En el vol. 2 de la obra Corpus Juris, p. 562, dice el texto:

''Es consecuencia de las reglas anteriores que como regla general toda persona que emprende negociaciones con un supuesto agente está, por el mero hecho del mandato, obligado a hacer indagaciones, y debe descubrir a su propio riesgo que el poder en su naturaleza y alcance es suficiente para facultar al agente a la realización del acto propuesto, que su origen puede inferirse de la voluntad del supuesto principal, especialmente cuando está negociando con un agente cuya autoridad conoce ser especial, o cuando es la primera vez que negocia con el agente, o las circunstancias relacionadas con el mandato o comisión sean de tal naturaleza que le obliguen a practicar indagaciones   *   *   *.

''Al determinar la cuestión de si un contrato celebrado para el porteador por un agente o comisionista, son de aplicación los principios del mandato, está bien establecida la regla general de que si el contrato se halla dentro del alcance general de las facultades del agente o comisionista, el porteador quedará obligado por sus gestiones, aunque el agente o comisionista haya actuado más allá de sus instruciones en el caso particular de que se trate.   Esto está de acuerdo con el bien establecido principio de que los poderes del agente son *prima facie* coextensivos con el negocio confiado a su cuidado y no serán restringidos por limitaciones que no se hayan comunicado a las personas con quienes negociare.   Aplicando este principio ha sido muy generalmente sostenido que cuando una compañía ferroviaria coloca a un agente al cuidado de un negocio en una estación, y le faculta para contratar el embarque de fletes, la compañía lo tiene para el público como si tuviese autoridad para contratar con referencia a todos los detalles necesarios y ordinarios del negocio, y, dentro del ramo de su negocio, queda convertido en un agente general, y puede obligar a la compañía mediante contrato dentro de las atribuciones de su aparente autorización, aunque en la celebración del contrato se haya excedido de su autoridad.''   10 C. J. 216, y autoridades citadas en la Nota No. 2.

Y véase también la nota sobre ''Ostensible Authority,'' al pie de la página 1236 del tomo 31 de Cyc.

El demandante en este caso tenía razones para creer que

el agente o agente general tenía autoridad para la celebración del alegado contrato. El *Abd-el-Kader,* como se ha admitido, iba a hacer un viaje de St. Thomas a Ponce. No es extender demasiado el significado de esto para que el público creyese que el agente tanto como el agente general tenían autoridad para enviar el barco para un viaje de excursión de Ponce a St. Thomas. Y la carta de la compañía demuestra, por lo menos, que la compañía no se habría alarmado mucho si los agentes hubieran llevado a cabo el contrato. Concluímos, por tanto, que los actos y conducta de los varios agentes de la compañía le dieron al demandante el derecho a creer que el agente de Ponce actuaba dentro de sus atribuciones. La opinión de la corte inferior no fué transcrita en los autos, lo que sentimos, pues nos hubiera gustado tener el beneficio de sus razonamientos.

El apelante alegó error al admitirse los certificados respecto a la llegada del Quebec a St. Thomas. Sin embargo, puesto que el *Abd-el-Kader* llegó a Ponce el error no produjo perjuicio alguno.

El segundo error versa sobre la admisión de cartas y cables cruzados entre los dos agentes. La objeción principal a estos documentos consiste en que no proceden de la compañía, y por lo tanto no obligan a ésta. Todos estos documentos o consistieron de admisiones de los distintos agentes tendentes a demostrar su ostensible autoridad o el alcance de sus atribuciones que el público tenía derecho a creer, o su admisión en evidencia no produjo perjuicio alguno.

Es de confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.